[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15049
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-00175-JEC

WENDOLYN HAMPTON,

Plaintiff-Appellant,

versus

BUCKHEAD BEEF COMPANY, INC,
a wholly owned subsidiary of SYSCO Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 14, 2011)

Before EDMONDSON and ANDERSON, Circuit Judges, and LAWSON,* District
Judge.

PER CURIAM:

_____
*Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting
by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court should be affirmed. Plaintiff's primary arguments on appeal relate to her promotion claim. Plaintiff argues that the company engaged in racial discrimination against her when it first posted an opening for the Quality Assurance Line Leader which Sandoval recently vacated, which was a position for which she was qualified, then changed its mind and decided to eliminate that position and instead create another Quality Assurance Manager position. The district court rejected plaintiff's arguments and granted summary judgment in favor of the company on this promotion claim. We agree. The company has adduced strong evidence of legitimate reasons for its decisions. Shortly after posting the Quality Assurance Line Leader position, Foster, the president of the company, and White, then the company's only Quality Assurance Manager, decided that, instead of filling the line leader position, it would be better to hire a new Quality Assurance Manager. The company's reasons are legitimate, and have not been discredited by plaintiff. Foster and White knew that White was already assuming expanded duties outside of the Quality Assurance Department, and outside of the Atlanta location. They saw the need for the assistance of another Quality Assurance Manager to assist with day-to-day management of the Quality Assurance Department in Atlanta. Shortly after hiring the new Quality Assurance Manager,

2

White was in fact promoted and became the Director of Quality Assurance. Plaintiff has adduced only conclusory assertions that the company's reasons for eliminating the Line Leader position and hiring another Quality Assurance Manager were pretextual, only conclusory assertions that the duties of the Quality Assurance Manager position are substantially identical to the duties performed by the previous occupant of the Quality Assurance Line Leader position, only conclusory assertions that the company did not reasonably believe that a college degree and HACCP experience were required or desirable for the Quality Assurance Manager position, and only conclusory assertions that plaintiff was in fact qualified for the Quality Assurance Manager position. Although plaintiff has adduced some evidence of some racially offensive remarks in the work place, none was in the context of the decisions challenged in this case, and none was attributable to the decision-makers, Foster and White.[1]  For the foregoing reasons, we readily conclude that the district court correctly granted the company's motion for summary judgment on plaintiff's promotion claim.

Plaintiff's other claims are wholly without merit and warrant little

---

[1]    The one remark attributed to White was not in the context of these decisions and, more significantly, was clearly inadmissible hearsay.  Moreover, there were only conclusory assertions that the offensive remarks were more than isolated, and even the conclusory assertions were undermined by the fact that plaintiff apparently was unaware of such remarks until this litigation.

discussion. With respect to her retaliation claim, plaintiff's brief on appeal includes only vague assertions of being "mistreated and shunned" and "punished." Such vague and conclusory assertions clearly do not rise to the level of adverse employment actions. Plaintiff's equal pay claim is wholly without merit for the reasons fully explored at oral argument.[2]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[2] The district court correctly determined that plaintiff had waived any independent claim of hostile work environment. Thus, the district court considered plaintiff's evidence in that regard only with respect to pretext; we do likewise.